Eastern District of Kentucky
FILED
FEB 2 3 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-370-KSF

DELORIS ROBINSON PLAINTIFF

V. **OPINION & ORDER**

DRESSER, INC. DEFENDANT

* * * * * * * * * * * * * * *

This matter is before the Court upon the plaintiff Deloris Robinson's motion for judgment reversing the administrative decision denying benefits [DE #9]. This matter is ripe for review.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff, Deloris Robinson, presents claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Robinson is a 29-year employee of Dresser, Inc. ("Dresser"). She last worked as an assembler at the Dresser plant in Berea, Kentucky. She is eligible to receive benefits under Dresser, Inc. Pension Plan for the United Paperworkers International Union, AFL-CIO, Local No. 7399, Instrument Division, Berea, Kentucky (the "Plan"), which is a pension benefit plan as defined under ERISA.

The Plan received Robinson's application for benefits on November 4, 2003. Previously, in August 2002, Plaintiff had applied for disability benefits under a group life insurance plan with Prudential Financial. The Prudential Financial life insurance plan was provided to Robinson as part of the Dresser employee benefits package. In her application for benefits under the Prudential Financial life insurance plan, Robinson stated that her illness included "passing out,

depression, Alzheimers." (AR 187). Robinson submitted a report by her attending physician, Hanann Budeiri, M.D., Richmond, Kentucky, in support of her application. In November 2002, Prudential Financial awarded Robinson lump sum group life insurance benefits. (AR 179).

In November 2003, when Robinson submitted her application for benefits under the Plan, she indicated that she was disabled based on weakness, an incident of passing out, inability to stand for long periods, pain, depression and memory loss. In support of her application, Robinson submitted a statement from Dr. Budeiri indicating that she is unable to work because of depression and fibromyalgia. (AR 174). The statement concluded that due to her disability she had "limited functioning" and that her prognosis was "guarded". *Id.* Dr. Budeiri also indicated that Plaintiff was "totally and permanently disabled from performing any gainful occupation." *Id.*

After the Plan received her request, it submitted her records to a reviewing physician, Robert Conte, M.D. On February 23, 2004, Dr. Conte informed the Plan that Robinson's condition did not meet the Plan criteria for total and permanent disability. (AR 144). He noted that there had been "improvement in her condition" and that her depression was situationally related. (AR 144).

Dr. Conte also requested additional neurological information regarding a reference in Plaintiff's file to Alzheimer disease. After reviewing all of the neurological records submitted by Robinson, on March 17, 2004, Dr. Conte concluded that the information "substantiate[d] the diagnosis of depression" and that there was "no evidence for the Alzheimer's disease possibility mentioned in previous medical information." (AR 114).

The Plan also submitted Robinson's medical records to Charles R. Crane, M.D. for review. On April 3, 2004, Dr. Crane drafted his report on Robinson's condition. (AR 104-110).

Dr. Crane concluded that the documentation did not support that Robinson met the Plan definition for total and permanent disability. (AR 109). He found that Robinson's primary diagnosis was depression, with the majority of related symptoms and complaints relating to her situational depression, which was "exacerbated by her interpersonal relations with an abusive husband, separation and pending divorce, and subsequent divorce, with progression to living on her own." (AR 109). Furthermore, he opined, "While depression may be considered to affect the individual from being able to engage in any gainful employment or occupation for a defined period of time, it would not be considered to be a permanent condition." (AR 109-110).

On April 20, 2004, the Plan denied Robinson's application for disability pension benefits. The Plan relied on the opinions of Dr. Conte and Dr. Crane as a basis for the decision that Robinson did not meet the criteria for total and permanent disability as defined by the Plan. (AR 103).

On October 7, 2004, Robinson appealed the initial denial decision. In support of her appeal, Robinson submitted updated notes of Dr. Budeiri and the Comprehensive Care Center. (AR 45). The Plan forwarded Robinson's new information to Dr. Crane for his review. Dr. Crane found "no reason to change the original recommendation". (AR 42). Additionally, Dr. Conte reviewed the new information. On October 20, 2004, Dr. Conte found that "depression and fibromyalgia would not qualify her as totally and permanently disabled under the plan definition." (AR 36). He further recommended that the Plan have Robinson submit to testing performed by a licensed psychiatrist. (AR 36).

After receiving Dr. Conte's recommendations, the Plan contacted counsel for Robinson in order to seek suggestions for a mutually acceptable psychiatrist to perform an independent

examination. Robinson's counsel suggested Timothy Allen, M.D. at the University of Kentucky, Lexington, Kentucky. (AR 34). Dresser then scheduled Robinson's evaluation by Dr. Allen. As part of Dr. Allen's evaluation, John D. Ranseen, Ph.D., also evaluated Robinson.

On June 1, 2005, Dr. Allen issued his independent psychiatric evaluation. (AR 4-15). Dr. Allen concluded that Robinson suffers from major depressive disorder, a chronic and lifelong disease. (AR 9). Furthermore, Dr. Allen found that Robinson was employed by Dresser for nearly 30 years with symptoms of depression equal to or greater than what she was currently experiencing. (AR 9). Based on these observations, Dr. Allen concluded that Robinson's depressive disorder did not meet the Plan definition for total and permanent disability. (AR 9). In his report, Dr. Allen also noted that Robinson had "dramatic improvement of her medical problems", "moderate benefit" from antidepressants, and "reported improvement of numerous symptoms related to her depression." (AR 9).

The Employee Benefits Committee (the "Committee"), the Committee charged with the responsibility of construing and interpreting the Plan, reviewed the administrative record and issued a letter to Robinson on June 28, 2005. The Committee concluded that Robinson's request for disability benefits should be denied. (AR 1-2). The Committee stated that its evaluation was based on the opinions of Dr. Conte, Dr. Ranseen and Dr. Allen.

## II. STANDARD OF REVIEW

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the United States Supreme Court held "that a denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." When the

benefit plan gives the plan administrator discretion, the decision is to be reviewed under an arbitrary and capricious standard. *Id.*

The Plan in the present action is funded by Dresser and is administered by a Committee appointed by Dresser. The Plan provides:

> The Committee shall have such duties and powers as may be necessary to discharge its duties hereunder, including, but not by way of limitation the following:
> (a) to construe and interpret the Plan, decide all questions of eligibility, and determine the amount, manner and time of payment of any benefits hereunder;

Here, the Plan gives the Committee, appointed by Dresser, authority to determine eligibility and to construe and interpret the Plan. This language constitutes a clear grant of discretionary authority to Dresser, triggering application of the arbitrary and capricious standard of review.

The United States Court of Appeals for the Sixth Circuit has determined that "the arbitrary and capricious standard is the least demanding form of judicial review of administrative action." *Williams v. International Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000). Under the arbitrary and capricious standard, a plan administrator's decision must be upheld if it is "rational in light of the plan's provisions." *Id.* (citing *Daniel v. Eaton Corp.*, 839 F.2d 263, 267 (6th Cir. 1988)). "When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Id.*

## III. MOTION FOR JUDGMENT

To determine whether the Plan administrator's decision to deny long-term disability benefits to Robinson was rational in light of the Plan's provisions, it is necessary for the Court to look at the specific provisions at issue in the Plan. "Total and permanent disability" is defined by

the Plan as: "a bodily injury or disease, which prevents the Participant from engaging in any gainful employment for remuneration or profit, and which can be expected to continue for the balance of the Participant's lifetime."

The Plan also defines a Participant's duty:

> A Participant applying for a Disability Pension Benefit shall submit to the Employer a written request for a Disability Pension Benefit and furnish such medical evidence as the Employer may reasonably require to enable the Employer to make a determination as to the existence of Total and Permanent Disability with respect to such Participant.

Accordingly, the Plan required Robinson to provide medical evidence that she was unable to engage in any gainful employment for remuneration or profit, which can be expected to continue for the balance of the her lifetime. The Plan administrator's decision can only be considered arbitrary and capricious if it is not rational in light of these provisions.

Plaintiff argues that Dresser's decision: (1) is inconsistent with the Plaintiff's medical evidence; (2) is inconsistent with the Plaintiff's award of group life benefits based on a similar standard; and (3) is based upon opinions of psychiatrist Dr. Allen that actually support a finding of total and permanent disability. The Court will examine each of Plaintiff's arguments.

**A. The Medical Evidence**

Robinson first claims that Dr. Budeiri's report clearly stated that she was disabled under the Plan. However, Dresser had three physicians, Dr. Conte, Dr. Crane and Dr. Allen, review all of the medical records provided by Robinson to Dresser. Each of these physicians concluded that Robinson did not meet the Plan definition of disabled.

As Robinson concedes, treating physicians' opinions are not entitled to any sort of

deference in ERISA determinations. *See Black & Decker Disability Plan v Nord,* 538 U.S. 822, 834 (2003). Therefore, even if Dr. Budeiri concluded that Robinson was totally and permanently disabled, the Court may also consider conclusions by other physicians.

Dr. Allen's independent medical examination is particularly instructive. The Sixth Circuit has indicated that it is not arbitrary and capricious for a plan administrator to deny benefits after receiving an opinion from an independent medical evaluator which concludes that a plaintiff is not disabled. *See University Hospitals of Cleveland v. Emerson,* 202 F.3d 839 (6th Cir. 2000) ("Although [plaintiff's] medical expert reached a different conclusion [from the independent physician], complete consensus is not required to establish a reasoned basis for an administrative decision."); *Douglas v. General Dynamics Long Term Disability Plan,* 43 Fed.Appx. 864, 869-70 (6th Cir 2002) (unpublished decision) (stating that a plan administrator could elect to rely on the opinion of an independent medical examiner over the treating physician). *See also Abnathya v. Hoffmann-LaRoche, Inc.,* 2 F.3d 40, 47 (3d Cir.1993)(holding that a plan administrator may rely upon a single medical opinion finding that an employee is not disabled); *Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375, 380 (7th Cir.1994 )(upholding a plan administrator's denial of benefits where a psychiatrist found the employee to be "severely depressed" where there was insufficient evidence to "support the conclusion that [the plaintiff's] depression, regardless of treatment, would constitute a total disability" and upholding a plan administrator's denial of a claim where an independent medical consultant's opinion was contrary to the plaintiff's doctor's opinion); *Birdsell v. United Parcel Serv. of Am.*, 94 F.3d 1130, 1133 (8th Cir.1996) (holding that a plan administrator's decision to deny benefits was not arbitrary or capricious simply because the plan administrator adopted one of two competing views).

A plan administrator's determination is not arbitrary or capricious when a reasoned explanation, based on the evidence, supports that determination. *Williams v. International Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000). Since the Committee's decision was based on medical evidence in the record, notably the independent medical evaluation by Dr. Allen, the Committee did not act arbitrarily and capriciously by not according special deference to the opinion of Robinson's treating physician.

**B. The Award of Group Life Benefits**

Plaintiff also contends that Dresser's denial of benefits was inconsistent with a favorable disability determination from a group life insurance plan with Prudential Financial, provided to Robinson as part of the Dresser employee benefits package. In August 2002, Plaintiff applied for benefits from Prudential Financial and submitted a report by Dr. Budeiri to support her application. In November 2002, Prudential Financial awarded Robinson lump sum group life insurance benefits.

Dresser asserts that the Prudential Financial decision is not binding on Dresser. Moreover, Dresser states that the Administrative Record does not contain Prudential Financial's policy, criteria or definitions, thus, Prudential Financial's decision may have been made under a different standard for total and permanent disability.

For the same reasons that a Social Security Administration determination is not binding on plan administrators, the Court finds that Prudential Financial's decision is not binding on the Committee. *See, e.g.*, *Whitaker v. Hartford Life & Accident Ins. Co.*, 404 F.3d 947, 949 (6th Cir. 2005) ("[A]n ERISA plan administrator is not bound by an SSA disability determination when reviewing a claim for benefits under an ERISA plan. As the Supreme Court noted . . . ,

entitlement to Social Security benefits is measured by a uniform set of federal criteria. But a claim for benefits under an ERISA plan often turns on the interpretation of plan terms that differ from SSA criteria."). Therefore, the Committee was not required to rely on the Prudential Financial's determination when deciding whether Robinson qualified under the Plan's definition of "totally and permanently" disabled.

**C. Dr. Allen's Independent Medical Evaluation**

Finally, Robinson contends that Dr. Allen's report actually confirms her claim of total and permanent disability, even though he ultimately concludes that she did not meet the Plan definition for total and permanent disability. Robinson also implies that Dr. Allen's conclusion might have been tainted by the fact that Dresser undertook all correspondence with Dr. Allen, scheduled the examination and notified him that it would pay his fees in association with the evaluation.

Robinson's contentions are without merit. Dr. Allen concluded that Robinson's condition was "no worse currently than during years of employment previously". (AR 9). Furthermore, he found "dramatic improvement of her medical problems," "moderate benefit" from anti-depressants, and "reported improvement of numerous symptoms related to her depression." (AR 9). Dr. Allen also noted that Robinson tended to "exaggerate symptoms beyond what truly depressed people report" and that her neuropsychological tests indicated that she "approached psychological testing in a manner to exaggerate the extent and severity of her current physical and psychological problems." (AR 9, 13). Thus, Dr. Allen's report supports his conclusion and, in turn, supports the Committee's decision to deny benefits. Moreover, Plaintiff's contentions that Dresser's payment of Dr. Allen's fees are belied by the fact that Plaintiff's counsel actually

employed Dr. Allen to conduct the independent medical examination.

The Court finds that the decision to deny benefits was not arbitrary and capricious because a reasoned explanation, based on the medical evidence, supports the conclusion that Robinson is not permanently and totally disabled. Therefore, the Court will deny Robinson's motion for judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) the plaintiff's motion for judgment [DE #9] is DENIED; and

(2) judgment will be entered in favor of the defendant contemporaneously with this opinion and order.

This 23d day of February, 2006.

KSF

KARL S. FORESTER, SENIOR JUDGE